Judge Owsley
delivered the opinion of'the Court.
Tiíe defendant in error, who was plaintiff in the circuit court, declared against the plaintiffs in error, who were defendants in that court, in three *598 counts, the'ktii-r of which was demurred to, and iut demurrer was overruled.
Ikftoiifn**" cowtg sbeyid sKt ofií legal J;Í4ii{c~íí debt cbsu-geó, sad aioo bis promise to aid€':5onn° tbnssf,
The case turns, in, this court, ¿pon the &hí§.úzr.cy of that count. By it, the defendants in the c;run:! court are aliened to have been indebted to tiie plain tiff there, in the sum of one hundred and fou ries'i dollars and ninety cents, Commonwealth's ■ Bant paper; for the 'like amount of Commonwealth’s Bank paper, before that time, at the special instance and request of the defendants, hj the plaintiff, laid oat and expended for the use and benefit of the said Seffcodap.ts \ and being so indebted, toe said defendants afterwards, to-v/ftr the day and year, &.c, »r? consideration thereof, then and there undertook and hi&fhUy promised ths said plaintiff, that they would, weíi and truly content and pay the said plaintiff, the said sum of one hundred and fourteen dollars and ninety cents, Commcnweelth's Bank paper, whenever after, they sbcu’ía be thereunto required, &c,
if, instead of alleging ths defendants to bf-ve. beer, indebted Cowoicnwealth’s Bank paper, for so much like paper before that time, at their special tostoneé, and request, laid out and expended by the ptainiifí, for their use and benefit; ths plaintiff bad alleged fho defendants to have beer, indebted to -him sc, mvch. money,, for Commonwealth's Bank paper, before that dine laid out and expended by him, for their use and benefit, at their special instance and request, and fian!, charged the defendants, ia consideration of being go mdebted, ao much money, to have promised to content and pay the plaintiff the said sum of money. &c -ve should have had no difficulty in sustaining the covint, as containing a good cause of action. The count would then have contained every essential re-3,JliGiite *° 8 general indebitatus count, and might haw been sustained upon principles long since adopted and repeatedly acted on and recognized in practice. The legal liability of the defendants, for the debt charged, would then, as is always essential for it to be no general indebitatus counts, be found set forth ia tjje dedoration.. and the promise which,m such counts, should also he alleged to have been made, ia consid-•¡•,-ation of that iega.l liability, would likewise be seen *599 charged ta apt and legal form. Bat as drawn, tSier.e is no legal liability for the Cominoawealcb’s paper, of which the defendants are qfe'.ged tc be indebted in the eoaafc. The facts iipop which their liability arc tc be enforced, if liable at all, f/ora the statements in the count, ere nothing more than that, at their special insinr-ce and request, the plaintiff had, for their ace and benefit, laid out and expended one hundred and .fourteen dollars and ninety cents, Co«iBocnw,ea¡íh’s ¡money.. These facts, if true, no doubt created a liability in the defendants, but the liability which, witboot the aid ef other facts, the law implies, is not for Commonwealth’s Back paper, bat for their raise in money»
inabilities when implied by law, are for money. Hence, general indebita-tus coasts, are always for money, & nothing else but money.
General in-debiiaius count, charging def!i„ to beindefifedia commonHhs. bank paper, for so muck like paper laid out, &c» and in consideration thereof, to hme promised to pay in cosnsnon’ihe, back paper, is bad on de-marre:. It should . charge him to be indebted fa money, and tc bane promised Is nay
ftCarer,) for pfointif,
■ It is upon this principle that liabilities, when implied fey law, are for money, that general indibitatus counts are always for money, and nothing sise but money» To sustain such a count, for Commonwealth’s Bank paper, or any other commodity, therefore, we sboc’d not only have to pash the practice, which, as Lord Hclt once appropriately remarkéá, required a bold mar, first to "/enture apon, farther than any pre^ cedent, hi»s hitherto carried M , tev also, farther than could 'be maintained, consistently with the principles by which tee practice is governed,,
The coant is not, therefore, good, ana the demurrer should have been sustained,. The judgment moat be reversed with cost, the cause remanded to the court below, and judgment there entered in favor of the defendants in that count, upon their demurrer to the count, unless the plaintiff obtains leave, and amends it; and in that event, such farther proceedings be there had, as may not be intends teat' with the principles of this opinion.